# HIBERNIA INSURANCE COMPANY *v.* ST. LOUIS TRANSPORTATION COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Argued January 17, 1887.—Decided January 31, 1887.

In a suit in equity by an insurance company against a transportation company, and the transferee of its property, to recover the amount paid by the insurance company, as insurer of goods alleged to have been lost, in transportation, by the negligence of the transportation company; *Held:* without passing on any other question, that negligence was not proved, and that the loss happened by perils excepted in the contract of transportation.

THIS was a bill in equity. The court below dismissed the bill, and plaintiff appealed. The case is stated in the opinion of the court.

*Mr. O. B. Sansum* for appellant.

*Mr. Given Campbell,* for appellees, submitted on his brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought in the Circuit Court of the United States for the Eastern District of Missouri, by the Hibernia Insurance Company, a Louisiana corporation, against the St. Louis and New Orleans Transportation Company and the Babbage Transportation Company, two Missouri corporations, and Henry Lowery, a citizen of Missouri.

The bill alleges that in August, 1879, the Babbage Company, of which Lowery was president and director, being engaged in transporting merchandise for hire on the Mississippi River from St. Louis to New Orleans by means of certain steam tow-boats and barges which it owned, contracted with the firm of Gordon & Gomila to transport for it from St. Louis to New Orleans a quantity of wheat, "the dangers of the river, fire, and collision only excepted;" that it loaded a part

of the wheat on the barge Sallie Pearce, which it took in tow by its tow-boat John Means; and that, by negligent navigation on the part of the Babbage Company, the barge broke away from the tow-boat, and was allowed to drift down the river until she brought up against a steamboat which was lying at rest along the bank on the Missouri side of the river, and was broken and crushed, so that some of the wheat was lost in the river and some of it was damaged by water.

The bill also alleges that, in September, 1879, one Pleasants owned certain rye, corn, oats, and hay, which were at St. Louis, on the barge Colossal; that the Babbage Company contracted with Pleasants to carry those goods on that barge from St. Louis to New Orleans, "the dangers of navigation, fire, explosion, collision, bridges, and all other known and unknown obstructions excepted;" and that the company, by its tow-boat E. M. Norton, took the barge in tow, and the tow-boat was so negligently managed that she drew the barge against an obstruction then visible and known to the master, pilot, and officers of the tow-boat, and the barge was broken, and allowed by them to remain, without any attempt to rescue the goods, and nearly all of them were lost.

The bill also alleges that the plaintiff, as insurer of the goods in both cases, paid to Gordon & Gomila and Pleasants, $19,633.16.

The bill also alleges that, in January, 1880, the Babbage Company, by Lowery, as its president, sold all its property, consisting of four steam tow-boats and thirteen barges, to the St. Louis Company; that such sale was without consideration, and fraudulent as against the rights of the plaintiff as a creditor of the Babbage Company; and that Lowery and the St. Louis Company had notice of the fraud.

The bill waives an answer on oath, and prays that the court will decree payment of said debt to the plaintiff, with interest; that the St. Louis Company be restrained from disposing of any of said property until the plaintiff's debt shall be paid; and that until that time the plaintiff have a lien on said property.

The defendants demurred to the bill for want of equity; for want of privity between the plaintiff and the defendants; and

for multifariousness. The court, 3 McCrary, 368, dismissel
the bill as to Lowery, and overruled the demurrer as to the
other defendants, with leave to them to answer, holding that
it was not necessary that the plaintiff should recover a judg-
ment at law against the Babbage Company before bringing
this suit.

The defendants then put in a plea to that part of the bill
which relates to the transfer of the property and asks for
relief by a lien and an injunction, denying the fraud and
alleging the *bona fides* of the transaction. They, at the same
time, put in an answer to the part of the bill not covered by
the plea, denying the negligence, and averring that the losses
were due to the perils of navigation. There were special repli-
cations to the plea and the answer.

Proofs being taken on the plea, the court, 4 McCrary, 432,
overruled it, on a hearing, holding that the allegations of the
bill involved in the plea were established, and that the debts
of the Babbage Company could be enforced in equity against
the other company to the extent of the property received by
the latter.

The case was afterwards brought to a hearing on proofs on
the issues raised by the answer, and the court, 5 McCrary, 397,
dismissed the bill. The plaintiff has appealed. The Circuit
Court held, as to the Sallie Pearce, that the contract was that of
a common carrier; that, as to the Colossal, it was immaterial
whether the contract was that of towage merely, or that of
a common carrier; and that each disaster was caused by an
inevitable accident, falling within the excepted dangers of
the river and of navigation, alleged in the bill as forming
part of each contract. We concur in this conclusion. In the
first case a sand reef had been recently formed in the channel;
the pilot of the tow-boat had no reason to suppose it was
there; and she was being handled with skill and care when
the accident occurred. In the second case, the Colossal was
unseaworthy when she started. The tow-boat was prudently
navigated, but the river bank had shortly before caved in, and
a tree from the land had fallen into the river, its presence
being unknown, and the Colossal struck it under water, caus-

ing the accident, there being no want of care, skill, or attention on the part of those in charge of the tow-boat, either before or after the occurrence, in regard to the navigation or the saving of the cargo of the Colossal.

The appellees have contended in this court that the rulings' of the Circuit Court as to the demurrer and the plea were erroneous, but, without passing on those questions, we affirm the decree, for the reason stated.

*Affirmed.*